UNITED STATES DISTRICT COURT

Middle District of Florida

Anthony George Gancarski,

Plaintiff.

v.

UNITED STATES DEPARTMENT OF EDUCATION,

and LINDA MCMAHON, in her official capacity as Secretary of Education,

Defendants.

Case No.: 3:25CV455

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

---

## INTRODUCTION

1. Plaintiff [**Anthony George Gancarski**] brings this action against the United States Department of Education and its Secretary, **Linda McMahon** (collectively, "Defendants"), for their unlawful failure to properly administer Plaintiff's federal student loans in accordance with applicable statutes and regulations.

2. For nearly 14 years starting 6/19/1999 and ending 2/15/2023, Defendants erroneously maintained Plaintiff's federal student loans in "grace" status, far exceeding the six-month grace period permitted under Department regulations. As a result, Plaintiff was deprived of credit for 165 months of qualifying payments toward forgiveness under the Income-Driven Repayment (IDR) program and, if applicable, the Public Service Loan Forgiveness (PSLF) program.

3. Defendants' failure to transition Plaintiff's loans into repayment status and to properly apply the Department's one-time account adjustment violates the Administrative Procedure Act (APA), 5 U.S.C. §§ 706(1) and 706(2)(A), and the Higher Education Act (HEA), 20 U.S.C. § 1070 et seq.

4. Plaintiff seeks declaratory relief, injunctive relief, and, in the alternative, a writ of mandamus compelling Defendants to correct the coding error, credit Plaintiff with the appropriate months toward IDR and/or PSLF forgiveness, and provide all attendant relief.

---

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 5 U.S.C. §§ 701-706 (Administrative Procedure Act), 28 U.S.C. § 1361 (mandamus), and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

6. Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff resides in this District.

---

**PARTIES**

7. Plaintiff Anthony George Gancarski is an individual residing at 1628 Edgewood Avenue S, Jacksonville Florida 32205. Plaintiff is a borrower of eight miscalculated federal direct student loans administered by the Department of Education, which were taken out between August 1996 and December 1998 for graduate school at American University. He graduated Dec. 18, 1998, and after a six month grace period, repayment began 6/19/99.

8. Defendant United States Department of Education is a federal agency responsible for administering federal student loan programs under the Higher Education Act, 20 U.S.C. § 1070 et seq.

9. Defendant Linda McMahon is the Secretary of Education and is sued in her official capacity. The Secretary is responsible for overseeing the Department's administration of federal student loan programs.

---

## FACTUAL ALLEGATIONS

10. Plaintiff obtained federal Direct Loans to finance graduate education at the American University College of Arts and Sciences and entered into a direct loan agreement with the Department of Education.

11. Under Department regulations, federal direct student loans are subject to a six-month grace period following a borrower's graduation or cessation of at least half-time enrollment, after which the loans must enter repayment status. See 34 C.F.R. § 685.207(b)(1) (Direct Loans); 34 C.F.R. § 682.209(a)(3) (FFEL Loans).

12. Plaintiff's loans were placed in grace status upon graduation Dec. 18. 1998. However, Defendants failed to reflect the transition on NSLDS data of Plaintiff's loans into repayment status after the six-month grace period expired, despite Plaintiff filing tax and repayment plan selection paperwork and paying as agreed.

13. Instead, Defendants erroneously maintained Plaintiff's loans in "grace" status for approximately 14 years, from December 1998 to Feb. 2013, despite the plaintiff paying as agreed with "Direct Loan Servicing," a loan

servicer that was divested of its federal contract after a pattern of malfeasance including but not limited to forbearance steering. Those records have largely been destroyed, as revealed by Plaintiff's Privacy Act FOIA request fulfilled in Feb. 2025. However, material obtained by that request shows correspondence and forms related to the repayment process dating back to June 1999.

14. During this period, Plaintiff made payments as agreed and relied on Defendants to properly administer the loans. Defendants' coding error prevented Plaintiff from receiving credit for these months toward IDR forgiveness.

15. In 2022, the Department announced a one-time account adjustment to correct errors in the administration of IDR and PSLF programs, intended to credit borrowers with qualifying months that were improperly excluded. Per https://studentaid.gov/announcements-events/idr-account-adjustment, "The payment count adjustment counted time toward IDR forgiveness, including any months in a repayment status, regardless of the payments made, loan type, or repayment plan; if the forbearance was before July 1, 2024, and the loan had 12 or more months of consecutive forbearance or 36 or more months of cumulative forbearance; any months spent in economic hardship or military deferments in 2013 or later; any months spent in any deferment (with the exception of in-school deferment) prior to 2013; and any time in repayment (or deferment or forbearance, if applicable) on earlier loans before consolidation of those loans into a consolidation loan."

16. Despite this adjustment, which was affirmed in 34 CFR 68234 CFR 685 from the Department of Education in 2023, with guidance not rescinded since despite changes in presidential administrations, Defendants failed to

credit Plaintiff with approximately 165 months of qualifying payments due to the erroneous “grace” status coding.

17. Defendants’ actions have caused Plaintiff substantial harm, including the loss of progress toward loan forgiveness, increased interest accrual, and prolonged financial burden. Further harm will be caused if the loans are not discharged by Dec. 31, 2025, as any forgiven amount will be subject to IRS taxes. As the total debt is over $170,000 at this writing, that burden could approach $50,000 due to administrative error.

18. Plaintiff has exhausted all available administrative remedies, including repeatedly contacting the Department; pleading for relief from the Department’s OIG; filing complaints with the Federal Student Aid Ombudsman many times dating back to Feb. 2023 that were not meaningfully addressed or resolved or given a path to resolution; contacting the NSLDS’ customer service line multiple times only to be told they wouldn’t talk to borrowers; appealing to the office of Congressman Aaron Bean for casework; contacting my servicer and its customer advocate many times; petitioning American University to offer a material correction to my NSLDS record; and messaging Secretary McMahon on LinkedIn to alert her to the problem.

---

**LEGAL FRAMEWORK**

19. The Higher Education Act and its implementing regulations require the Department to administer federal student loans in accordance with

prescribed rules, including transitioning loans from grace to repayment status after six months. See 20 U.S.C. § 1087e; 34 C.F.R. § 685.207.

20. The APA authorizes courts to compel agency action unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), and to set aside agency actions that are arbitrary, capricious, or otherwise not in accordance with law, 5 U.S.C. § 706(2)(A).

21. The Mandamus Act, 28 U.S.C. § 1361, authorizes courts to compel an agency to perform a clear, non-discretionary duty owed to a plaintiff.

22. The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, authorizes courts to declare the rights and legal relations of parties in cases of actual controversy.

---

CLAIMS FOR RELIEF

Count I: Administrative Procedure Act – Unlawfully Withheld Agency Action (5 U.S.C. § 706(1))

23. Plaintiff incorporates by reference all preceding paragraphs.

24. Defendants have a non-discretionary duty under the Higher Education Act and Department regulations to transition federal student loans from grace status to repayment status after six months.

25. Defendants unlawfully withheld this required agency action by maintaining Plaintiff's loans in grace status for approximately 14 years after graduation. This resulted in him paying for longer than 25 years, which would have qualified for forgiveness after June 19, 2024, per 34 CFR § 682.215f ("Income-based repayment plan"), which stipulates discharge after 25 years if the borrower "participated in the income-based repayment plan and satisfied at least one of the following conditions during that period," coupled with guidance from the Biden administration's Department of Education not rescinded before this filing.

26. Defendants further failed to credit Plaintiff with qualifying months toward IDR and/or PSLF forgiveness during the one-time account adjustment, despite their obligation to correct such errors. Federal Student Aid and Aidvantage, working on behalf of the Defendant, offered erroneous guidance that the one-time account adjustment would correct this material error, creating a promissory reliance. The Defendant assured borrowers there would be an appeal process to handle potential administrative errors, but the previous Secretary of Education did not offer such. To this date, there is no direct means of appeal available to borrowers to the lender itself, thus violating the Truth in Lending Act of 1968, which promises a framework for resolution.

27. Defendants' inaction has caused Plaintiff ongoing harm, including the loss of 165 months of credit toward loan forgiveness, which by law would have occasioned total discharge on or after June 19, 2024.

28. Plaintiff is entitled to an order compelling Defendants to correct the coding error and credit Plaintiff with the appropriate months toward forgiveness. This should be retroactive to June 19, 2024, meaning that all payments received by Aidvantage on behalf of the Department of Education should be refunded within 60 days of loan discharge.

Count II: Administrative Procedure Act – Arbitrary and Capricious Agency Action (5 U.S.C. § 706(2)(A))

29. Plaintiff incorporates by reference all preceding paragraphs.

30. Defendants' maintenance of Plaintiff's loans in grace status for nearly 14 years after graduation violates Department regulations limiting grace periods to six months.

31. Defendants' failure to apply the one-time account adjustment to credit Plaintiff with qualifying months is inconsistent with the Department's stated purpose and criteria for the adjustment, and flouts the Department's fiduciary duty to the Plaintiff as the lender.

32. Defendants' actions are arbitrary, capricious, and not in accordance with law, as they lack a rational basis and contradict governing statutes and regulations.

33. Plaintiff is entitled to an order setting aside Defendants' erroneous actions and directing Defendants to credit Plaintiff with the appropriate months toward forgiveness retroactive to June 19, 2024, and to refund any

monies collected by Aidvantage on behalf of the Department of Education after that date. Further, if the discharge happens after Dec. 31, 2024, Plaintiff is entitled to total reimbursement of tax liability, which would be 25% of the discharged debt. At this writing, the debt load is more than $171,000. The interest of both Plaintiff and Defendant is in timely relief of the administrative error.

Count III: Mandamus (28 U.S.C. § 1361)

34. Plaintiff incorporates by reference all preceding paragraphs.

35. Defendants have a clear, non-discretionary duty to administer Plaintiff's loans in accordance with the Higher Education Act and Department regulations, including properly documenting the transition of loans to repayment status and accurately crediting qualifying months toward forgiveness.

36. Plaintiff has a clear right to have his loans properly administered and to receive credit for qualifying months.

37. Plaintiff has no adequate alternative remedy to compel Defendants to perform these duties.

38. Plaintiff is entitled to a writ of mandamus compelling Defendants to correct the coding error and credit Plaintiff with the appropriate months toward forgiveness.

Count IV: Declaratory Judgment (28 U.S.C. §§ 2201-2202)

39. Plaintiff incorporates by reference all preceding paragraphs.

40. An actual controversy exists between Plaintiff and Defendants regarding Defendants' obligation to credit Plaintiff with approximately 165 months toward IDR and/or PSLF forgiveness. If the books had been kept correctly by Defendant and subcontractors, this matter would have been resolved without court resources.

41. Plaintiff is entitled to a judicial declaration that Defendants' failure to transition Plaintiff's loans to repayment status and to credit the missing months violates the Higher Education Act, federal law governing income-based repayment, and Department regulations.

42. Plaintiff is further entitled to a judicial declaration that Defendants must credit Plaintiff with the appropriate months toward forgiveness.

---

REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' failure to transition Plaintiff's loans from grace status to repayment status after six months from his graduation date of Dec. 18 2024, and to credit Plaintiff with approximately 165 months toward IDR and/or PSLF forgiveness violates the Higher Education Act, Department regulations, 34 CFR § 682.215, and the APA.

B. Issue an injunction directing Defendants to:

1. Correct the coding error in Plaintiff's loan records;

2. Credit Plaintiff with approximately 165 months of qualifying payments toward IDR and/or PSLF forgiveness; and

3. Recalculate Plaintiff's loan balance and forgiveness eligibility accordingly.

C. In the alternative, issue a writ of mandamus compelling Defendants to perform the above actions.

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, or other applicable authority.

E. In the event the plaintiff gets relief after the federal tax holiday on discharged loan debt ends at the end of 2025, the Department of Education is obligated to pay the tax liability incurred by its delay, which translates to 25% of the debt discharged at that point in time.

F. Award plaintiff a full refund of all court costs, including filing fees and whatever else is incurred to get relief due under law.

G. Grant such other and further relief as the Court deems just and proper.

---

NO DEMAND FOR JURY TRIAL

Plaintiff does not demand a jury trial, as this action arises under the APA and seeks equitable relief.

---

Dated: May 2, 2025

Respectfully submitted,

[redacted]

Pro Se.