UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY GEORGE GANCARSKI,

    Plaintiff,

v.                                     Case No. 3:25-cv-455-MMH-MCR

UNITED STATES DEPARTMENT
OF EDUCATION, and LINDA
MCMAHON, in her official capacity
as Secretary of Education,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Anthony George Gancarski, initiated this action on April 28, 2025, by filing a Complaint for Declaratory, Injunctive, and Mandamus Relief (Doc. 1; Complaint). On May 2, 2025, Gancarski filed an amended complaint as of right. See Complaint for Declaratory, Injunctive, and Mandamus Relief (Doc. 4; Amended Complaint). In the Amended Complaint, Gancarski brings claims asserting rights to relief under the Administrative Procedure Act, the Mandamus Act, and the Declaratory Judgment Act, all based on Defendant's

alleged "unlawful failure to properly administer [Gancarski's] federal student loans." See Amended Complaint ¶¶ 1, 23–42.[1]

Upon review of the Amended Complaint, the Court finds it to be deficient in several ways and, as such, it is due to be stricken. In the analysis that follows, the Court will discuss some of the problems with the Amended Complaint and will provide Gancarski with the opportunity to file a second amended complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Gancarski should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing a second amended complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

As a preliminary matter, the Court notes that several of Gancarski's other filings violate the Rules and Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)) and are also due to be stricken.[2]

---

[1] Gancarski brings claims against both Linda McMahon in her official capacity as the Secretary of Education and the Department of Education itself. See generally Amended Complaint. Because these two entities are really one legal entity, the Court refers to the singular "Defendant." See McMillian v. Monroe Cnty., 520 U.S. 781, 785 n.2 (1997) ("We have explained that a suit against a governmental officer 'in his official capacity' is the same as a suit 'against [the] entity of which [the] officer is an agent[.]'" (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)) (nested quotation marks and citation omitted) (alterations in original)).

[2] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules. The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries. Additionally, because Gancarski uses the

First, his filings use an impermissible typeface and improper spacing. See Local Rule 1.08 (setting forth formatting requirements for all documents filed with the Court). Additionally, Gancarski filed several documents without any clear purpose or authority from the Rules. On May 5, 2025, Gancarski filed a motion to redact, see Pro Se Plaintiff's Motion to Redact Personal Identifying Information Pursuant to Rule 5.2(e), and to Seal 'Motion to Strike' Document (Doc. 6; Motion to Redact) and also filed a Notice of Filing (Doc. 7). In the Notice of Filing, Gancarski purports to give the Court notice that he filed the Motion to Redact. It is unnecessary and improper to file a notice to alert the Court that another filing has been made. The Court is aware of the state of the docket in this case, and the filing of a document is itself notice of the filing of the document. Additionally, from May 8 to May 12, 2025, Gancarski filed six "Notices" that appear to contain documents Gancarski believes supports his case. See Notices (Docs. 9–14). It is improper to file evidence on the docket unless the evidence is filed in support of a specific motion or request for relief. See Fed. R. Civ. P. 5(d)(1)(A). Because Gancarski has filed no motions requiring

---

Court's Electronic Document Submission Portal, he must follow the Administrative Procedures for Electronic Filing for the United States District Court for the Middle District of Florida (Local E-Filing Procedure(s)). The Local E-Filing Procedures are available on the Court's website.

the use of evidence, no evidence should be filed on the docket at this time.[3] Last, on May 5, 2025, Gancarski filed a purported second amended complaint without seeking leave of Court. See Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course … ." (emphasis added)); Complaint for Declaratory, Injunctive, and Mandamus Relief (Doc. 8; Proposed Second Amended Complaint).[4] Because each of the above filings violates one or more of the Rules or Local Rules, the Court will strike the filings, Docs. 7–14. Gancarski

---

[3] If Gancarski intends to submit evidence at a later stage of the proceeding to support a motion, the evidence should be included as an exhibit to the motion rather than filed as a standalone entry on the docket.

Considering Gancarski's pro se status and his misunderstanding of various procedural rules, to the extent Gancarski believes any of these documents are important to support his claims at the pleading stage, the Court will grant him leave to refile the relevant documents as exhibits to his second amended complaint. However, if Gancarski chooses to do so, he is cautioned to avoid crafting a complaint that is impermissibly "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." See infra n.6 (quoting Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015)).

[4] Because Gancarski did not sign the Notices, after the Magistrate Judge notified him of Rule 11's signature requirement, see Order (Doc. 15), he filed documents the Court construes as supplements to the Notices correcting this defect. See (Docs. 18–23), filed May 13, 2025. On the same day, Gancarski also filed a supplement to his Proposed Second Amended Complaint containing his signature, see Notice of Filing (Doc. 17), but this supplement was not necessary because Gancarski signed the Proposed Second Amended Complaint with /s/ followed by his name. See Proposed Second Amended Complaint at 13; Section H.1., Local E-Filing Procedures ("A signature must appear on documents filed electronically in one of the following manners: a. '/s/ [E-filer's first and last name]'; b. An electronic image of the E-filer's signature; or c. An original signature (when document is scanned). The submission of a document signed in any manner listed above and filed under that E-filer's login constitutes an original signature under the Federal Rules of Procedure."). Because the Court is striking the Notices and the Proposed Second Amended Complaint, the Court will also strike the supplements, Docs. 17–23.

should take care to ensure his future filings comply with the Federal Rules of Civil Procedure and the Court's Local Rules.

Turning to Gancarski's Amended Complaint, while pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Cap. Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[5] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006)

---

[5] In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

(emphasis omitted). Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Id. Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland, 792 F.3d at 1321–23 (outlining four broad categories of impermissible shotgun pleadings).[6]

---

[6] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without

The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more

---

specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."
Barmapov, 986 F.3d at 1324–25 (quoting Weiland, 792 F.3d at 1321–23).

definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here is the "most common type" of shotgun complaint, one in which the plaintiff asserts "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d 1313, 1321, 1321 n.11 (collecting cases). As a result, "most of the counts … contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, in each subsequent count of the Amended Complaint, Gancarski "incorporates by reference all preceding paragraphs." See Amended Complaint ¶¶ 23, 29, 34, 39. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at 1325; see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

Because Gancarski's Amended Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Gancarski to file a second

amended complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

Prior to filing his second amended complaint, the Court encourages Gancarski to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Gancarski may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[7]

---

[7] In preparing the second amended complaint and any future filings, the Court recommends that Gancarski visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer."

Accordingly, it is

**ORDERED:**

1. Anthony George Gancarski's Amended Complaint (Doc. 4) is **STRICKEN**.

2. Docs. 7–14 and 17–23 are **STRICKEN**.

3. On or before **June 5, 2025**, Gancarski shall file a Second Amended Complaint that complies with the Federal Rules of Civil Procedure and the directives of this Order.

**DONE AND ORDERED** in Jacksonville, Florida, on May 14, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:

Counsel of record
Pro se party