UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY GEORGE
GANCARSKI,

Plaintiff,

v. Case No. 3:25-cv-455-MCR

UNITED STATES DEPARTMENT
OF EDUCATION, *et al.*,

Defendants.
_________________________________/

**CASE MANAGEMENT AND SCHEDULING ORDER AND REFERRAL TO MEDIATION**

This cause is before the Court following the filing of the Amended Case Management Report (Doc. 51). Having considered the positions of the parties, the Court enters this Case Management and Scheduling Order:

| | | |
|---|---|---|
| Deadline for providing mandatory initial disclosures. | | **October 24, 2025** |
| Deadline for moving to join a party or amend the pleadings. | | **October 31, 2025** |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff<br>Defendant<br>Rebuttal | **November 21, 2025**<br>**December 22, 2025**<br>**January 5, 2026** |
| Deadline for completing discovery and filing motions to compel discovery. | | **January 19, 2026** |
| Mediation | Deadline:<br>Mediator:<br>Address: | **February 27, 2026**<br>Michael I. Coulson, Esq.<br>320 1st St. N. |

| | |
|---|---|
| | Jacksonville Beach, FL 32250<br>(904) 296-9919 |
| Deadline for filing dispositive and *Daubert* motions (Responses due 21 days after service unless otherwise ordered; summary judgment replies (limited to 7 pages) permitted 14 days after service of a response). | **March 9, 2026** |
| Deadline for the final pretrial meeting. | **July 6, 2026** |
| Deadline for filing the joint final pretrial statement, any motion *in limine*, proposed jury instructions, and verdict form. | **July 20, 2026** |
| Final pretrial conference Date:<br>Time:<br>Judge: | **August 3, 2026**<br>**10:00 AM**<br>**Monte C. Richardson**<br>**Courtroom 5C** |
| Trial Begins Date:<br>Time:<br>Judge: | **August 10, 2026**<br>**9:00 AM**<br>**Monte C. Richardson**<br>**Courtroom 5C** |
| Estimated Length of Trial | **1 day** |
| Jury/Non-Jury | **Non-Jury** |

1. With respect to discovery matters, the date set forth above is the final date discovery shall be completed. All requests and motions pertaining to discovery shall be filed promptly so that the discovery desired will be due prior to the completion date. Specifically, motions to compel brought pursuant to Rule 37 should be filed as early as possible so that the opposing party has sufficient time to respond, the Court has sufficient time to rule, and the desired discovery, if allowed, can be completed prior to the discovery deadline. The parties should be aware that a stipulation to the continuance

of discovery anticipates no discovery disputes. Therefore, this Court will not hear discovery disputes arising during the stipulated continuance. The parties are further advised that any extension of discovery will not result in an extension of the dispositive motion filing deadline or other pretrial or trial dates except upon order of the Court. If promptly raised, the deadline for amending pleadings is subject to extension based on new discovery or other good cause.

2. The parties are reminded of their obligation to comply with the redaction requirements set forth in Fed. R. Civ. P. 5.2.

3. Pursuant to Local Rule 3.01(b), any motion and memorandum in support must be in a single document not to exceed 25 pages absent leave of Court. Responses to motions may not exceed 20 pages absent leave of Court. In summary judgment practice, the combined motion and memorandum (including any "Statement of Undisputed Facts") must be filed as one document and may not exceed 25 pages without permission of the Court. Under Local Rule 3.01(e), a party may reply to a response to a motion for summary judgment within fourteen days after service of the response. The reply must not exceed seven pages inclusive of all parts. Please deliver a courtesy copy of all dispositive and *Daubert* motions, responses, and replies, including copies of all relevant exhibits and depositions, to the chambers of

the undersigned. The undersigned requires the filing of complete deposition transcripts rather than excerpts.

4. Under Local Rule 3.06(a), the parties must conduct a final pretrial meeting at least 14 days before the final pretrial conference. Except as otherwise ordered, the parties are directed to meet the pretrial disclosure requirements in Fed. R. Civ. P. 26(a)(3) and to timely adhere to all requirements in Local Rule 3.06 concerning final pretrial procedures. While counsel for the Plaintiff shall be responsible for initiating the pretrial compliance process, all parties are responsible for assuring its timely completion.

5. A pretrial statement in compliance with Local Rule 3.06 shall be filed with the Clerk on or before the date noted in this Order with two courtesy copies to be provided to the Court. The parties are required to identify the depositions to be read at trial in the pretrial statement but are not required to designate the pages of depositions to be read at trial until a date to be established by the Court at the final pretrial conference.

6. The final pretrial conference and trial will be held in Courtroom 5C, 5th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida. The pretrial conference shall be attended by counsel who will act as lead counsel and who are vested with full authority to make

and solicit disclosures and agreements touching on all matters pertaining to the trial.

7. Unless otherwise ordered, no later than **five days** before the trial term set forth above, the parties **shall file** with the Clerk of Court the following (and, as to each of the following, provide directly to Chambers, Suite 5-411, by mail or hand delivery two (2) copies marked "Judge's Chambers Copy"):

(a) Each side shall file a **Trial Brief**, with citations of authorities and arguments specifically addressing all significant disputed issues of law likely to arise at trial: **and either (b) or (c) below, as appropriate.**

(b) **If case is a jury trial**, the following

(1) A concise (one paragraph preferably) **joint or stipulated** statement of the nature of the action to be used solely for purpose of providing a basic explanation of the case to the jury venire at the commencement of jury selection process:

(2) **Proposed Voir Dire** (the Court will conduct the jury voir dire and, in addition to the usual more general questions, will, without initiation by counsel, ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration); and

(3) A **Proposed Verdict Form** and complete set of all written **Proposed Jury Instructions.** (The Court will expect counsel to give their best efforts, cooperatively, in the production of a joint set of instructions and verdict form, the format of which the Court will discuss at the pretrial conference.)

(c) **If case is a non-jury trial, Proposed Findings of Fact and Conclusions of Law** (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple,

narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel). The proposed verdict form and jury instructions should also be emailed to: **chambers_flmd_richardson@flmd.uscourts.gov**.

8. The parties are advised (and should advise their witnesses) that photo identification is required to enter the United States Courthouse. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of proof of membership in The Florida Bar or an Order of special admission pro hac vice.[1]

9. In the event that the dates set herein for the final pretrial conference and/or trial are continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

10. **THE COURT HAS DONE EVERYTHING POSSIBLE TO SET APPROPRIATE DEADLINES FOR THIS CASE. THE PARTIES SHOULD PROCEED ACCORDINGLY. DO NOT ASSUME THAT THE COURT WILL EXTEND THESE DEADLINES.**

## MEDIATION ORDER

This case is referred to the mediator listed above pursuant to Chapter Four of the Local Rules. Counsel for Plaintiff is designated as lead counsel to

[1] Cell phones must be turned off while in the courtroom.

be responsible for coordinating a mutually agreeable mediation date and for filing a notice advising the Court of the date selected for mediation. If Plaintiff is proceeding *pro se*, counsel for Defendant shall undertake the responsibility for coordinating a mutually agreeable mediation date and for filing the notice. The mediation conference shall be completed by the date set forth above. Each party's lead counsel, a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative must attend the mediation. Unexcused absence or departure from mediation is sanctionable. Absent agreement otherwise by the parties or order of the Court, the cost of the mediator's services shall be borne equally by the parties. The substance of the mediation is confidential and no party, lawyer, or other participant is bound by, may record, or without the judge's approval may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation. The mediator must report within seven days after mediation the result of the mediation and whether all required persons attended.

**DONE AND ORDERED** in Jacksonville, Florida on January 14, 2026.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Attachment:
Mediation Report Form

Copies (w/ attachment) to:

Counsel of Record

*Pro se* Plaintiff

Michael I. Coulson. (mediator)
320 1st St. N.
Jacksonville Beach, FL 32250