FEB 17 2026 AM8:33
FILED - USDC - FLMD - JAX

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANTHONY GEORGE GANCARSKI,

Plaintiff,

v. Case No. 3:25-cv-455-MMH-MCR

UNITED STATES DEPARTMENT
OF EDUCATION, et al.,

Defendants.

____________________________________/

Anthony George Gancarski

4530 St. Johns Ave Ste 15, #183

Jacksonville, FL 32210

(904) 563-3534

325CV455Plaintiff@proton.me

U.S. Department of Education

Office of the General Counsel

400 Maryland Avenue, SW

Washington, DC 20202

Richard Lasseter

US Attorney's Office (Middle District of Florida)

300 N. Hogan Street, Suite 700

Jacksonville, FL 32202

904-301-6258

Email: richard.lasseter@usdoj.gov

**REQUEST FOR ADMISSIONS**

Pursuant to Federal Rules of Civil Procedure 26 and 36 and Local Rule 36, LINDA MCMAHON in her official capacity as U.S. Secretary of Education shall respond to these requests within thirty (30) days of service.

1. Admit that in or about August 1996, Plaintiff ANTHONY GEORGE GANCARSKI ("Gancarski") began graduate school at American University.
2. Admit that from 1996 to 1998, Gancarski obtained eight (8) federal Direct Student Loans (the "Loans") to finance graduate school at American University.
3. Admit Gancarski graduated from American University in December 1998.
4. Admit that under applicable law, Gancarski had a six (6) month grace period following graduation before he was obligated to begin repaying the Loans.
5. Admit the six (6) month grace period for repayment of the Loans ended in or about June 1999.

6. Admit that on or about June 19, 1999, Gancarski timely began repaying the Loans following the conclusion of the six (6) month grace period.
7. Admit that Defendants' own federal student aid website (studentaid.gov, attached hereto and incorporated herein as ***Exhibit A***) shows that Plaintiff began repayment of the Loans on or about June 19, 1999.
8. Admit Gancarski utilized the Income-Driven Repayment (IDR) program to repay the Loans.
9. Admit that under the IDR program, Gancarski should have been eligible for forgiveness after twenty-five (25) years of repayment (on or about June 19, 2024).
10. Admit Gancarski repaid the Loans as required for the period starting on or about June 19, 1999, and ending on or about February 15, 2013.
11. Admit that despite Gancarski's repayment of the Loans, Defendants erroneously categorized the Loans as in grace period status for the period starting on or about June 19, 1999, and ending on or about February 15, 2013.
12. Admit the Loans were not in a grace period status for the period starting on or about June 19, 1999, and ending on or about February 15, 2013.
13. Admit that in April 2022, the U.S. Department of Education announced a one-time payment count adjustment (the "payment count adjustment") to correct historical errors in how qualifying payments were counted toward forgiveness under Income Driven Repayment (IDR) plans and Public

Service Loan Forgiveness (PSLF) for federal student loans, including Direct Loans.

14. Admit Defendants' own website (https://studentaid.gov/announcements-events/idr-account-adjustment, attached hereto and incorporated herein as ***Exhibit B***), states the payment count adjustment "applied to all Direct Loans and FFEL Program loans that were managed by ED at that time. This includes Direct Consolidation Loans that repaid a privately held Perkins or FFEL Program loan and that were disbursed before the adjustment occurred."

15. Admit Defendants' own website (https://studentaid.gov/announcements-events/idr-account-adjustment, attached hereto and incorporated herein as ***Exhibit B***), states the payment count adjustment "counted time toward IDR forgiveness, including

- any months in a repayment status, regardless of the payments made, loan type, or repayment plan;
- if the forbearance was before July 1, 2024, and the loan had 12 or more months of consecutive forbearance or 36 or more months of cumulative forbearance;
- any months spent in economic hardship or military deferments in 2013 or later;
- any months spent in any deferment (with the exception of in-school deferment) prior to 2013; and

- any time in repayment (or deferment or forbearance, if applicable) on earlier loans before consolidation of those loans into a consolidation loan."

16. Admit Defendants' own website (https://studentaid.gov/announcements-events/idr-account-adjustment, attached hereto and incorporated herein as ***Exhibit B***), states "[a]ny borrowers with loans that had accumulated eligible time in repayment of at least 20 or 25 years (240 or 300 months) saw automatic forgiveness, even if they were not at that time on an IDR plan."
17. Admit the payment count adjustment applies to all federal Direct Loans (e.g., Subsidized/Unsubsidized Direct Loans) such as the Loans Garncarski took out between 1996 and 1998 and began repaying in 1999.
18. Admit Gancarski reached 25 years (300 months) in repayment of the Loans on or about June 19, 2024.
19. Admit Gancarski qualified for the payment count adjustment for the Loans.
20. Admit the payment count adjustment did not correct historical errors related to the Loans, depriving Gancarski of relief for which he qualified.
21. Admit the U.S. Department of Education promised but failed to institute an appeals process to challenge omissions and discrepancies in the payment count adjustment.

22. Admit that had Defendants applied the payment count adjustment to the Loans, Gancarski would have received more than $171,966.39 in loan forgiveness.
23. Admit that since June 19, 2024, Gancarski has made monthly $255.25 payments to the Loans that would have not been necessary but for Defendants' failure to properly credit Gancarski's past Loans payments.
24. Admit Defendants' own website (https://studentaid.gov/announcements-events/idr-account-adjustment, attached hereto and incorporated herein as ***Exhibit B***) states that notwithstanding any court injunctions entered related to the Saving on a Valuable Education (SAVE) student loan repayment plan, "loans enrolled in the Income-Based Repayment (IBR) Plan that have accumulated enough time for forgiveness are eligible to be forgiven."
25. Admit that in the case State of Missouri v. Donald Trump, No. 24-2332 (8th Cir. 2025), the Court enjoined loan forgiveness under the SAVE plan in the ruling attached hereto and incorporated herein as ***Exhibit C***.
26. Admit Gancarski was not repaying the Loans under the SAVE plan.
27. Admit Gancarski was repaying the Loans under an IDR program authorized by Congress during the Presidency of George H. W. Bush.

Feb. 17, 2026

[/s] Anthony George Gancarski

Anthony George Gancarski